SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 06-0875-PHX-DGC |
| Plaintiff, | No. CV 07-0215-PHX-DGC (MEA) |
| v. | **ORDER** |
| Jesus Gomez Rios, | |
| Defendant/Movant. | |

Movant Jesus Gomez Rios, who is confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255). The Court will summarily dismiss the motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Transportation of Illegal Aliens, in violation of 8 U.S.C. § 1324(a) (1) (A) (ii). On January 22, 2007, the Court sentenced Movant to a 21-month term of imprisonment followed by 3 years on supervised release.

Movant seeks a reduction of his sentence. He argues that his First, Sixth, Seventh and Fourteenth Amendment equal protection rights are being violated because as a deportable alien, he is ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and for early release to a half-way house.

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Moreover, if there has been a valid waiver of the right to file a federal habeas corpus petition, a court lacks jurisdiction to hear the case. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir. 2005).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted and the Court lacks jurisdiction to hear the motion because Movant has waived the right to bring a § 2255 motion.[1]

**III.   Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington, 422 F.3d

---

[1] In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

- 2 -

1  at 871 (holding that a plea agreement that waives the right to file a federal habeas petition
2  pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim
3  that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that
4  a plea agreement could waive a claim that counsel erroneously induced a defendant to plead
5  guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to
6  hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the
7  waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all
8  statutory rights included claims implicating the voluntariness of the waiver).

9       As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

17 (Doc. #23). Movant indicated in his plea agreement that he had discussed the terms with his
18 attorney, agreed to the terms and conditions, and entered into the plea voluntarily (Id.).

19       Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain
20 to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition
21 of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his
22 plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing
23 issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion for
24 lack of jurisdiction. Accordingly,
25 ///
26 ///
27 ///
28 ///

1   **IT IS ORDERED** that the Motion for Time Reduction by an Inmate in Federal
2   Custody (28 U.S.C. § 2255) (Doc. #24 in CR 06-0875-PHX-DGC) is **denied** and that the
3   civil action opened in connection with this Motion (CV 07-0215-PHX-DGC (MEA)) is
4   **dismissed**.  The Clerk of Court must enter a judgment of dismissal of the civil action
5   accordingly.

6   DATED this 21st day of February, 2007.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge